IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEOBARDO LOPEZ, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

BEAVEX, INC., et al.,

    Defendants.

No. C 15-00550 JSW

**ORDER GRANTING MOTION TO TRANSFER VENUE**

Now before the Court is the motion filed by defendants BeavEx Incorporated ("BeavEx") and LFL Enterprises, LLC (sued as Lowers Risk Group, LLC) doing business as Proforma Screening Solutions ("Proforma") (collectively referred to as "Defendants") to transfer venue to the District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404. The Court has considered the parties' papers, relevant legal authority, and the record in this case. It finds the motion suitable for disposition without oral argument, and therefore VACATES the hearing scheduled for May 22, 2015. *See* Civil L.R. 7-1(b). For the reasons that follow, the Court hereby grants the motion to transfer venue.[1]

## BACKGROUND

Plaintiff Leobardo Lopez filed this purported class action against Defendants under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). Plaintiff alleges that BeavEx violated the FCRA by obtaining consumer reports for employment purposes as part of the

---

[1] The Court GRANTS Defendants' request for judicial notice ("RJN"). *See* Fed R. Evid. 201(b).

1 application process for new employees, without providing the required disclosures and signed
2 authorizations. (Compl., ¶ 6.) Plaintiff alleges that Proforma is a consumer reporting agency
3 that provides consumer reports to BeavEx and other consumer report users for purposes of
4 evaluating applicants for employment. (*Id*., ¶ 7.) Plaintiff applied for a position with BeavEx
5 on September 11, 2011 in Union City, California. (*Id*., ¶ 5.) Plaintiff seeks statutory and
6 punitive damages on behalf of the purported class. (*Id*., ¶ 35.)

7 BeavEx is headquartered in Atlanta Georgia. (Declaration of Patricia Elkon ("Elkon
8 Decl."), ¶ 2.) BeavEx has approximately 90 locations in 42 states and approximately 600
9 employees, 15 percent of which are located in California. (*Id*.) BeavEx does not quantify how
10 many of its California employees are located within the Northern District of California.
11 Proforma's principal place of buiness is Purcellville, Virginia. (Declaration of Dale Jordan
12 ("Jordan Decl."), ¶ 1.) Approximately one-third of Proforma's clients for employment
13 background screening services are located in Georgia and the states in the mid-south Atlantic
14 region. (*Id*., ¶ 2.) Less than ten percent of Proforma's revenue is generated from clients located
15 in California. (*Id*.)

16 The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

18 Defendants seek to have the Court transfer this action to the Northern District of
19 Georgia. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any
20 district where the case could have been filed originally for the convenience of the parties and
21 witnesses and in the interest of justice.

22 A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors
23 to determine whether transfer is appropriate in a particular case. For example, the court may
24 consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties;
25 (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and
26 (5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert*, 330
27 U.S. 501, 508 -09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir.
28 2000). As the moving party, Defendants bear the burden of showing that the inconvenience of

litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (noting that to meet this burden requires production of affidavits or declarations identifying key witnesses and anticipated testimony).

There is no dispute that Plaintiff could have sued Defendants in the Northern District of Georgia. Accordingly, the Court weighs the relevant competing factors to determine which forum is appropriate under the circumstances.

### 1.   Plaintiff's Choice of Forum.

A court should give a plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice of forum. *Decker Coal Co.*, 805 F.2d at 843. There are, however, factors that diminish the deference given to a plaintiff's choice of forum. For example, where, as here, a plaintiff seeks to represent a nationwide class, their choice of forum is less significant. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Moreover, the deference accorded to a plaintiff's chosen forum should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Id.*

Plaintiff does reside here and, therefore, this forum has *some* connection with the allegations. However, the bulk of the pertinent events did not occur in this district. The focus of this action will be the conduct of Defendants, their documents, and their practices and procedures. *See Smith v. HireRight Solutions, Inc.*, 2010 WL 2270541, *4 (E.D. Pa. June 7, 2010) (noting that multiple courts considering motions to transfer in FCRA cases have found that the appropriate venue is where the defendants are located and have conducted their business); *see also Johnson v. Experian Information Servs.*, 2012 WL 5292955, *3 (C.D. Cal. Sept. 5, 2012). Notably, Plaintiff is not seeking any actual damages. Instead, he is seeking only statutory and punitive damages. Therefore, a key issue will be whether Defendants' conduct was willful. *See HireRight Solutions*, 2010 WL 2270541 at *6 (finding focus of the litigation

would be on defendant's actions and that named plaintiff's role would likely be minimal where the plaintiff sought only statutory and punitive damages under the FCRA). Accordingly, Plaintiff's choice of forum is not entitled to much deference.

### 2. Convenience of the Witnesses and Parties.

In addition to considering the Plaintiff's choice of forum, the Court will consider the relative convenience to all the parties involved in the lawsuit of the competing forums when deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508. The convenience of witnesses is often the most important factor in resolving a motion to transfer. The trial court looks at who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Industries, Inc. v. United States District Court*, 503 F.3d 384, 389 (9th Cir. 1974). Defendants have submitted evidence to show that there will be several key witnesses regarding both BeavEx's and Proforma's policies and practices, including former employees and third-party witnesses, who reside in the Northern District of Georgia. Moreover, the physical documents that were used at the time when Plaintiff applied for a position with BeavEx are kept in Atlanta, Georgia. (Elkon Decl., ¶¶ 2-5, 7-9; Jordan Decl., ¶¶ 4-6; Declaration of Sandra Foster, ¶¶ 2-9.) Although Plaintiff resides in this district, he does not provide any evidence of what his testimony would be or whether there are other relevant witnesses and evidence located here. As noted above, because Plaintiff is bringing this case as a nation-wide class action and he is not seeking any individual damages, his role is likely to be minimal. There is no indication why class members located in the Northern District of Georgia could not provide testimony regarding their experience in applying for a position with BeavEx and what forms they were provided, to the extent such testimony is necessary. Based on the evidence in the record, including evidence of witnesses who would be inconvenienced and/or beyond the subpoena power of this district, the Court finds the convenience of the witnesses and parties factor weighs in favor of transfer.

### 3. Familiarity of the Forum With the Applicable Law.

Neither party has demonstrated that one forum would be more familiar with the law involved. Therefore, the Court finds this factor to be neutral.

### 4. Ease of Access to Evidence.

Access to sources of proof is another factor that favors transfer. *Gulf Oil*, 330 U.S. at 508. Defendants have submitted declarations which indicate that, to the extent there are relevant physical documents, the majority of the documentary evidence relating to the FCRA claims are located in Atlanta, Georgia. Therefore, the Court concludes that Defendants have met their burden to show that the majority of the documentary evidence pertinent to this dispute is located in the Northern District of Georgia. This factor also weighs in favor of transfer.

### 5. Relative Congestion.

Another factor courts consider is the relative court congestion in each forum. According to available statistics, the Northern District of California has a heavier case load than the Northern District of Georgia. The median time from filing to disposition is also faster in Georgia, but not significantly so. (*See* RJN, Exs. A, B.) Thus, this factor weighs slightly in favor of transfer.

On balance, the Court finds that the majority of factors weigh in favor of transfer. Accordingly, the Court finds that Defendants have met their burden of demonstrating that this action should be transferred to the Northern District of Georgia and, thus, grants Defendants' motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to transfer to the case to the United States District Court for the Northern District of Georgia. The Clerk is directed to transfer this case, forthwith.

**IT IS SO ORDERED.**

Dated: May 20, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE